(Rev. 06-13-12)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED ERECTING & DISMANTLING CO., INC. | ) ) | CASE NO.  4:12cv1390 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | CASE MANAGEMENT PLAN AND |
| | ) | TRIAL ORDER |
| UNITED STATES STEEL CORP. | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

## I.  TRACK ASSIGNMENT

Upon consideration of the Local Rules for the United States District Court for the

Northern District of Ohio, the Court assigns this matter to the **Standard Track**. Accordingly, the

Court sets forth the following deadlines:

(1)    Deadline to Add Parties or Amend Pleadings: **January 18, 2013**

**Note:** Even though this deadline has been set, counsel is still required to file a motion for leave to amend, attaching the proposed amended pleading. Any opposition to the proposed amended pleading must be filed within seven (7) calendar days of the date the motion was filed. No reply is permitted unless ordered by the Court.

(2)    Deadline for Completing Non-Expert Discovery: **June 28, 2013**

(3)    The parties (indicate one):

☐    agree that there will be no discovery of electronically-stored information; or

☒    have agreed to a method for conducting discovery of electronically-stored information; or

    ☐    have agreed to follow the default standard for discovery of electronically-stored information  (Appendix K to N.D. Ohio Local Rules)

(4)    Deadline for Party(ies) with Burden of Proof to Identify Experts(s) and Provide Reports in Compliance with Civil Rule 26(a)(2): **July 26, 2013**

(5)    Deadline to Identify Rebuttal Experts(s) and Provide Reports in Compliance with Civil Rule 26(a)(2): **August 23, 2013**

(6)    Deadline for Completing Expert Discovery: **September 20, 2013**

(7)    Deadline for Filing Dispositive Motions: **October 4, 2013**

(8)    Deadline for Filing Opposition to Dispositive Motions: **November 1, 2013**

(9)    Deadline for Filing Replies to Responses: **November 15, 2013**

## II.  <u>STATUS REPORTS</u>

Beginning forty-five (45) calendar days from the date of this Order, counsel shall submit a Joint Status Report to the Court and shall continue such reports every forty-five (45) days during the pendancy of this matter.  Joint Status Reports are to briefly state the following: (1) discovery that has occurred during the reporting period; (2) settlement discussions that have occurred during the reporting period; (3) motions that have been filed or remain pending during the reporting period; and (4) any developments that might give rise to a request to deviate from the schedule outlined in this Case Management Plan and Trial Order. These are to be procedural reports; they are not to contain substantive discussions of the merits of any claims or defenses asserted. Failure to file Joint Status Reports will affect the Court's willingness to grant requested extensions of time to perform any acts required under this Order or under any applicable federal or local rule of procedure. Repeated failures to file Joint Status Reports could result in additional sanctions,

including dismissal of claims or defenses under Rule 41(b). If any party wishes to disclose, in a Status Report, sensitive procedural matters (e.g., a request for a settlement conference, or personal reasons why extensions of time are requested), that party may submit its Status Report *ex parte*.

### III.  DISCOVERY DISPUTES

Discovery shall be conducted according to the guidelines set forth in Local Rule 16.2 for cases assigned to the Standard track. The Court specifically directs the parties to comply with Local Rule 37.1, including the obligations to make sincere, good faith efforts to resolve discovery disputes, and to certify to the Court the making thereof, by filing a Notice of Request for Local Rule 37.1 Telephone Conference. This process must be completed before filing any motion under Federal Rule of Civil Procedure 37 seeking aid from the Court in discovery matters.

### IV.  MOTIONS PRACTICE

#### A.  General

All motions and related documents filed with the Court must comply with the Local Rules for the United States District Court for the Northern District of Ohio.

Motions, related memoranda, and all other documents submitted to the Court shall comply with Local Rule 10.1 concerning document format. All documents filed in this action, whether electronically or by other means, shall be presented in the following form: all margins shall be at least one inch; the main text of all documents shall be at least 12-point, double-spaced non-condensed type ("non-condensed type" referring either to Times New Roman type or to another type that has no more than 80 characters to a line of text); footnotes and block quotations may be single-spaced; and footnotes may be in a different-size font, no smaller than a 10-point

single-spaced type font. Compliance with the foregoing requirements will be judged in comparison with the Court's own WordPerfect and Microsoft Word generated documents. Both paper documents and electronically-filed documents when printed out will be held to this standard. Nonconforming documents may be stricken, in the Court's discretion.

Records used to support or oppose any motion (*e.g.,* deposition transcripts) shall be excerpted and submitted as exhibits to the pleading. Parties shall submit that portion relevant to the issue in question and not more than two (2) additional pages to establish context. When filing such exhibits, the filer need not select any category for the attachment but *must* indicate a "description" for each (e.g., "John Doe Deposition;" or "Jane Doe Affidavit") at the appropriate electronic filing screen. Any record submitted in support of or in opposition to a motion that does not already contain identifying page numbers must have numbers applied to each page for ease of identification.

Parties must consult the Electronic Filing Policies and Procedures Manual to verify that a particular document is suitable for electronic filing.

All motions, including procedural motions, must be supported by reference to appropriate legal authority.

The Federal Rules of Civil Procedure make no provision for motions for reconsideration and these motions are, therefore, discouraged by the Court. Although, in appropriate circumstances, a motion for reconsideration might be warranted, parties and counsel are reminded that such a motion is neither a substitute for appeal nor an opportunity for an unhappy litigant to reargue the case or to insert arguments inexplicably omitted in earlier motions. Parties or counsel who file unfounded, unmerited, and unsuccessful motions for reconsideration simply

4

because they disagree with a ruling, decision, or order should expect to be sanctioned to the full extent permitted under Rule 11 and 28 U.S.C. §1927.

**B. Motions To Dismiss and for Summary Judgment**

The Court will hold a defendant who files a motion under Rule 12 of the Federal Rules of Civil Procedure to the requirements of Rule 12, including in particular the timing requirements of Rule 12(a)(4).

Each party may file only one summary judgment motion. A party must seek leave of Court if he or she wishes to file any additional or supplemental motions. A motion with supporting brief, a brief in opposition, and a reply brief are the only documents that will be accepted, absent prior leave of Court. A courtesy copy of each of these documents – including all exhibits and appendices thereto – shall be delivered to chambers no later than one (1) business day after the original is filed. **The courtesy copy must be an exact copy of the filed document, including the electronically-applied header on every page.**

All facts presented to the Court in any brief or memorandum setting forth a party's position with respect to a motion must be supported by pinpoint citations to the case record. For example, it is *not* sufficient to say: "*See* Green Affidavit" or "*See* Williams Deposition." Instead, each citation must be to a particular paragraph of the Affidavit or to a particular page or pages of the Deposition. The header of every document in the electronic record of a case contains a "Page ID #" in the upper right corner. Whenever a filing makes reference to the record, it must do so using that Page ID #. (E.g., a reference might be: "Doc. No. 22 at 1253.")

The Local Rules place limitations on the length of memoranda relating to dispositive

5

motions. Specifically, such supporting and opposing memoranda shall not exceed twenty (20) pages for Standard Track cases.

Parties must submit an affidavit along with such memoranda specifying the assigned case track and certifying that the memorandum adheres to the page limitation. The Court will not increase the page limitation except in extraordinary circumstances.

Where deposition excerpts have been attached in support of or in opposition to a dispositive motion, the entire deposition transcript must also be separately, and simultaneously, filed. Such deposition transcript must be filed electronically in text-searchable PDF format.

### V. <u>FILING DOCUMENTS UNDER SEAL</u>

Absent a statute or an order of this Court, documents may not be filed under seal. *See*, L.R. 5.2.

Should a sealing order be in effect (e.g., a protective order that permits sealing of confidential documents), the Court will expect the filing parties to be mindful that this is a public forum. No protective order or other sealing order is blanket authority to file entire documents under seal. Only relevant portions of relevant documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes mention of a document which is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.

Therefore, in most cases, protected or confidential information subject to a sealing order or statute should be filed separately under seal and be merely made reference to in the public

pleading or document. If, however, the nature of a particular case presents the rare instance where the confidential information must be intertwined within the text of the pleading or document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Further, where documents are legitimately filed under seal, attorneys will be required to use the following procedure. Any and all filings made under seal shall be  submitted electronically whenever possible and linked to the  relevant authorizing order, pursuant to Local Rule 5.2.  If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If a sealed filing cannot be submitted electronically, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of the relevant authorizing order shall be in the sealed envelope.

Finally, the Court wants to make perfectly clear that, if and when a case where sealing is authorized comes to trial, the courtroom will not be sealed. Any and all documents and information which may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation. The trial will be public in all respects.

## VI.  PRE-TRIAL AND STATUS CONFERENCE

A status conference will take place on **May 30, 2013** at **10:00 AM.**  A final pre-trial

7

conference will take place on **January 16, 2014** at **3:00 PM.** The following persons must attend both the status conference and the final pre-trial conference: counsel, anyone with settlement authority and parties/party representative(s). These persons are required to attend unless prior approval of their absence is received.

Parties shall meet at least ten (10) business days before the pre-trial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties must electronically file a proposed Stipulation & Order at least seven (7) calendar days before the date of the pre-trial conference. The required form of this proposed Stipulation & Order is attached hereto as Appendix A.

## VII. <u>TRIAL</u>

### A. <u>General</u>

The Court has set this matter for a jury trial on a two-week standby period beginning on **February 10, 2014** at **8:00 AM.** Parties must keep in regular contact with the Courtroom Deputy Clerk to determine the exact starting date for the trial. Parties may reach the Courtroom Deputy Clerk at (330) 252-6060.

The trial day will begin promptly at 8:00 a.m. and will conclude at approximately 5:00 p.m. During each trial day, the Court will adjourn for lunch for approximately forty-five (45) minutes.

Many of the below-listed trial practices and procedures (*e.g.*, marking of exhibits) are also applicable to the Court's handling of the claims construction hearing in patent cases.

### B. <u>Trial-Related Motions</u>

8

Parties shall file all trial-related motions, including but not limited to motions *in limine*, fourteen (14) calendar days before the final pre-trial conference.

Responses to any trial-related motions are due by no later than seven (7) calendar days after the filing of the motion. No replies will be permitted unless ordered by the Court.

**C.  Stipulations of Fact and Preliminary Statements**

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts which are not in dispute. Said stipulations shall be signed by both counsel, filed with the Court and faxed to the Court's chambers by no later than fourteen (14) calendar days before the trial date. The fax number for the Court's chambers is 330-252-6058.

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed two (2) pages) describing the case in an impartial, easily understood and concise manner for use by the Court either during *voir dire* or at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury and must be faxed to the Court's chambers no later than seven (7) calendar days prior to the final pre-trial conference date.

**D.  Witnesses**

Parties shall file witness lists along with the final pre-trial order seven (7) calendar days before the final pre-trial conference. The order in which witnesses are listed is the order in which such witnesses will be called unless the Court is presented with a revised order of witnesses' appearance at least 48 hours in advance of such appearances. Parties may seek leave to call

9

witnesses out of order for reasons that could not reasonably be anticipated.

Leave to call additional witnesses may be granted by the Court in unusual situations. Parties seeking such leave must file a motion to add witnesses and serve a copy upon opposing parties with names, addresses and an offer of proof of such witness's testimony at least three (3) business days before trial.

The Court strongly advises counsel to over-schedule their witnesses. Should a party run out of witnesses on any given trial day, the Court will presume that the party has rested its case.

**E.  Use of Depositions as Evidence**

If the parties intend to use depositions as evidence during the trial, the parties must file these depositions by the time of the final pre-trial conference with the portions to be read identified therein. As appropriate, an opportunity will be given to the opposing party to read any omitted portion into the record at trial. Parties will be notified at trial of rulings on all objections pertaining to the depositions.

**F.  Exhibits**

Counsel shall mark all exhibits before trial with official or similar exhibit stickers. Plaintiff(s) shall mark exhibits with numbers, and Defendant(s) shall mark exhibits with letters. If there are multiple parties on a side, each party shall use numbers or letters, followed by the party's last name (*e.g.*, "1-Smith" or "A-Jones"). If the defendant has more than 26 exhibits, double letters shall be used (*e.g.*, "AA"). Joint exhibits shall use numbers followed by the word "joint," e.g., 1-Joint, 2-Joint. The case number shall appear on the exhibit stickers. Any multi-page exhibit must have numbers applied to each page for ease of identification.

Each party shall place its properly labeled exhibits on a DVD and send the DVD to the Court seven (7) calendar days before the trial. The following file extensions are permitted for exhibits: .pdf; .jpg; .gif; .wmv; .mpg; .wma; .mp3; .bmp; and .tif. When naming the exhibit files on the DVD, the following format must be used:

<exhibit number/letter>_<PARTY + NAME & exhibit name>.<file extension>

Some examples include:

1_PLAINTIFF SMITH Copy of Mailing List.pdf [Plaintiff Smith's Exhibit 1]

23_PLAINTIFF DOE Photograph of Office.jpg [Plaintiff Doe's Exhibit 23]

A_DEFENDANT JONES Camera Footage.wmv [Defendant Jones's Exhibit A]

DD_DEFENDANT DOE January Statement.pdf [Defendant Doe's Exhibit DD]

4-J_JOINT February Payroll.gif [Joint Exhibit 4]

One (1) business day before the trial begins, counsel shall submit to the Court two (2) courtesy copies of all proposed exhibits, along with an index (form attached hereto as "Appendix B") containing a brief description of each exhibit.  Exhibits shall be exchanged between counsel at least three (3) business days before trial.

**G.  Jury Trials**

   **1.  *Voir Dire***

The Court will conduct initial *voir dire* of the entire panel and of individual panel members. The Court thereafter will allow one attorney for each party to question individual panel members briefly on issues not addressed by the Court. The Court will discontinue counsel's *voir*

11

*dire* questioning if it appears to the Court that counsel seeks to accomplish something other than eliciting information regarding the panel member's background, biases or suitability for service.

Proposed questions for the Court's *voir dire* are to be submitted fourteen (14) calendar days before the final pre-trial.

Counsel will exercise their juror strikes at sidebar immediately following *voir dire*. First, plaintiffs will present all motions to strike for cause; then, defendants will present all motions to strike for cause. After the Court rules on these motions, counsel may exercise their peremptory strikes. Counsel may use any peremptory strike to remove any potential juror from the panel. "Back strikes" are allowed. It will be clear which jurors have been stricken. There are no blind strikes. The Court keeps a chart tracking which jurors would be seated at any given time. Jurors will not know why they were stricken, or by whom.

All challenges, including challenges under *Batson v. Kentucky*, 476 U.S. 79 (1986), are to be made during sidebar when counsel exercise their strikes, and the Court will rule upon these challenges outside the hearing of the jury. Challenges not made at this time are waived.

**2.  Jury Instructions**

Counsel are required to provide complete jury instructions to the Court, including (1) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (2) the law applicable to the particular claims, issues and defenses in the case; (3) any interrogatories; and (4) jury verdict forms.

Counsel shall exchange proposed jury instructions no later than fourteen (14) calendar days prior to the trial date. Counsel shall then confer regarding their respective proposals

in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible.

A single joint submission of jury instructions shall be filed and hand-delivered or faxed to the Court's chambers no later than seven (7) calendar days prior to the trial date, providing: (1) agreed upon instructions; (2) instructions proposed by plaintiff(s), but opposed by defendant(s); and (3) instructions proposed by defendant(s), but opposed by plaintiff(s).

Each proposed instruction shall be on a separate 8½" x 11" sheet of paper identified as "Joint/Plaintiff(s)/Defendant(s) Requested Instruction No. ___." Each instruction must contain a citation to the authority upon which counsel relies. The Court will reject any proposed instruction that does not contain a citation to authority.

The Court uses as sources for jury instructions, among others, Pattern Instructions of the Sixth Circuit, Kevin F. O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2001), and Ohio Jury Instructions.

In some cases, jurors better understand the testimony presented when they are permitted to pose questions to the witness. Accordingly, the Court may permit jurors to submit proposed questions for the witnesses. Any such questions will be submitted to the Court in written form. The Court will then discuss the proposed question with counsel in a sidebar conference. The Court will ultimately decide whether to ask the proposed question. If the Court asks any proposed question, the Court will allow the parties to ask follow-up questions limited to the area of the juror-proposed question.

**H.  Nonjury Trials**

For matters not submitted to a jury, the Court requires counsel to submit the following at least seven (7) calendar days before the standby trial period: a statement of the issues; proposed findings of fact; and proposed conclusions of law. The parties also must file any trial briefs no later than seven (7) calendar days before the standby trial period.

The Court may order the parties to submit post-trial briefs. These briefs will be limited to specific issues designated by the Court during or after trial. The Court may permit counsel to file supplemental findings of fact and conclusions of law following trial. Parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

## VIII.  **ELECTRONIC COURTROOM**

The Court has a courtroom equipped with advanced technology. The Court encourages counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this technology well in advance of trial.

## IX.  **CHANGE OF ADDRESS**

Counsel shall notify the Court and the Clerk of this Court by letter of any address, e-mail address, or telephone number changes to assure proper notification.

**IT IS SO ORDERED**.

Dated: December 6, 2012

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

14

## APPENDIX A

A Stipulation & Order following the format shown below must be jointly prepared and electronically filed by counsel at least **seven (7) calendar days** prior to the date of the final pre-trial conference.  Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 0:00-CV-0000 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Sara Lioi |
| | ) | |
| JANE DOE, | ) | |
| | ) | STIPULATION & ORDER |
| Defendant. | ) | |

## FINAL PRE-TRIAL ORDER

This action came before the Court at a final pre-trial conference held on the _____day of _____, 200_, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

## I.  APPEARANCES:

For Plaintiff(s):

For Defendant(s):

## II.  NATURE OF ACTION AND JURISDICTION:

A. This is an action for_____.

B. The jurisdiction of the Court is invoked under Title ___, United States Code, Section _____.

C. The jurisdiction of the Court is (disputed / undisputed).

15

### III. TRIAL INFORMATION:

A. The estimated length of trial is _____ days.

B. Trial to (the Court/Jury) is set for (MM/DD/YYYY).

### IV. AGREED STATEMENTS AND LISTS

A. General Nature of the Claims of the Parties

    (1)    Plaintiff Claims: (*e.g.*, "Plaintiff asserts in Count 1 a right of recovery for defendant's negligence as follows:")

    (2)    Defendant Claims: (*e.g.*, "Defendant denies liability as asserted in counts for the following reasons."- or - "Defendant as an affirmative defense asserts that plaintiff was contributorily negligent as follows:. . .").

B. Uncontroverted Facts

Suggested Language:

"The following facts are established by admissions in the pleadings or by stipulations of counsel . . ." (set forth and number uncontroverted or uncontested facts).

C. Issues of Fact and Law

Suggested Language:

    (1)    "Contested Issues of Fact: The contested issues of fact remaining for decision are . . ." (list them).

    (2)    "Contested Issues of Law: The contested issues of law in addition to those implicit in the foregoing issues of fact are:. . ." (set forth). OR "There are no special issues of law reserved other than those implicit in the foregoing issues of fact."

D. Witnesses

Suggested Language:

"Plaintiff/defendant will call or will have available for testimony at trial those witnesses whose names are set forth on the attached witness list" (see Appendix C).

16

E.  Expert Witnesses

     Suggested Language:

     "Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to opposing counsel: . . . ."

F.  Trial to the Court

     Parties must file a statement of the issues, proposed findings of fact, and proposed conclusions of law in accordance with the time limits set forth in the trial order.  Parties must also file any trial briefs in accordance with the time limits set forth in the trial order.

G.  Trial to a Jury

     Proposed voir dire questions and proposed jury instructions must be submitted to the Court in accordance with the time limits set forth in the trial order.

H.  Use of Depositions

     Suggested Language:

     "Testimony of the following witnesses will be offered by deposition/video tapes: . . ." OR "No testimony will be offered by deposition/video tape."

I.  Exhibits

     The parties will offer as exhibits those items listed herein as follows:

     (1)  Joint Exhibits - Appendix B (Use Arabic Numerals & "Joint").

     (2)  Plaintiff Exhibits - Appendix B (Use Arabic Numerals).

     (3)  Defendant Exhibits - Appendix B (Use Letters)

     (4)  Third-Party Exhibits - Appendix B (Use Letters Prefixed by Initial of Party).

J.  Pending Motions

    Suggested Language:

    "The following motions are pending at this time: . . ." OR "There are no pending motions at this time."

K.  Settlement Efforts

    Set forth status of settlement discussions between the parties.

**IT IS SO ORDERED.**

                                 _____

                                 JUDGE SARA LIOI
                                 UNITED STATES DISTRICT JUDGE

Counsel for:  _____

Counsel for:  _____

18

## APPENDIX B

An Exhibit List following the format shown below, along with  two (2) copies of all exhibits, must be prepared and submitted by counsel **one (1) business day before** the trial commences. Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

| _____ | CASE NO. _____ |
| PLAINTIFF(S), | |
| vs. | JUDGE SARA LIOI |
| _____ | |
| DEFENDANT(S). | |

| PLAINTIFF/DEFENDANT/JOINT/THIRD-PARTY EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|
| EXHIBIT I.D. | DESCRIPTION OF EXHIBIT | I.D. | OFFERED | OBJ. | ADMITTED | NOT ADMITTED |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

19

## APPENDIX C

A Witness List following the format shown below must be prepared and submitted by counsel, along with the final pre-trial order, **seven (7) calendar days** prior to the final pre-trial conference.  Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

_____                    CASE NO.  _____

              PLAINTIFF(S),

              vs.                                             JUDGE SARA LIOI

_____
              DEFENDANT(S).

| PLAINTIFF/DEFENDANT WITNESSES | |
| --- | --- |
| **NAME** | **SYNOPSIS OF TESTIMONY** |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |