(Rev. 01/22/13)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED ERECTING AND DISMANTLING CO., INC., | ) ) | CASE NO. 4:12CV1390 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | FINAL PRE-TRIAL CONFERENCE |
| | ) | AND TRIAL ORDER |
| UNITED STATES STEEL CORPORATION, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

## SUMMARY OF DATES IN TRIAL ORDER

Trial-related pre-trial motions, including motions in limine . . . .  November 26, 2014

Responses to pre-trial motions . . . . . . . . . . . . . . . . . . . . . . . . . .  December 3, 2014

Proposed voir dire questions  . . . . . . . . . . . . . . . . . . . . . . . . . .  November 26, 2014

Proposed Stipulation & Order
(Appendix A), with witness list (Appendix C)  . . . . . . . . . . . . . .  December 3, 2014

Joint Preliminary Statement (emailed). . . . . . . . . . . . . . . . . . . .  December 3, 2014

Final Pre-trial Conference  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **December 18, 2014 at 1:30 PM**

Depositions for use as evidence (with relevant portions marked)  December 18, 2014

Stipulations of Fact  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  January 5, 2015

Counsel to exchange proposed Jury Instructions . . . . . . . . . . . . .  January 5, 2015

Proposed Jury Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  January 12, 2015

Counsel to exchange exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . .  January 14, 2015

Two courtesy copies of exhibits delivered to the court (with
Index - Appendix B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  January 16, 2015

Jury Trial and Jury Selection  . . . . . . . . . . . . . . . . . . . . . . . . . . .  **January 20, 2015 at 8:00 AM**
(two-week standby)

# I.  FINAL PRE-TRIAL CONFERENCE

A final pre-trial conference will take place on **December 18, 2014** at **1:30 PM**. The following persons must attend both the status conference and the final pre-trial conference: counsel, anyone with settlement authority and parties/party representative(s). These persons are required to attend unless prior approval of their absence is received.

Parties shall meet at least ten (10) business days before the pre-trial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties must electronically file a proposed Stipulation & Order no later than **December 3, 2014**. The required form of this proposed Stipulation & Order is attached hereto as Appendix A.

# II.  TRIAL

## A.  General

The Court has set this matter for a jury trial on a two-week standby period beginning on **Tuesday, January 20, 2015** at **8:00 AM**. Parties must keep in regular contact with the Courtroom Deputy Clerk to determine the exact starting date for the trial. Parties may reach the Courtroom Deputy Clerk at (330) 252-6060.

Trials will begin at 8:00 a.m. and continue until 5:00 p.m. unless circumstances dictate otherwise. A one (1) hour lunch break and two (2) fifteen minute breaks will be provided. Counsel must promptly notify the Court's staff of issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible. Accordingly, counsel should expect to be present in the courtroom from 7:45 a.m. until 5:30 p.m. in order to address matters outside the presence of the jury.

All parties are to be present in the courtroom at all times when the jury is seated.

**B.  Trial-Related Motions**

Parties shall file all trial-related motions, including but not limited to motions *in limine*, no later than **November 26, 2014** and responses to any trial-related motions are due no later than **December 3, 2014**. No replies will be permitted unless ordered by the Court.

**C.  Stipulations of Fact and Joint Preliminary Statement**

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts which are not in dispute. Said stipulations shall be signed by both counsel and filed with the Court no later than **January 5, 2015.**

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed two (2) pages) describing the case in an impartial, easily understood and concise manner for use by the Court during *voir dire* and at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury and must be emailed to chambers (but not filed) no later than **December 3, 2014**.

**D.  Witnesses**

Parties shall file witness lists (*see* Appendix C) along with the final pre-trial order no later than **December 3, 2014**. The order in which witnesses are listed is the order in which such witnesses will be called unless the Court is presented with a revised order of witnesses' appearance at least 48 hours in advance of such appearances. Parties may seek leave to call witnesses out of order for reasons that could not reasonably be anticipated.

Leave to call additional witnesses may be granted by the Court in unusual situations.  Parties seeking such leave must file a motion to add witnesses and serve a copy upon opposing parties with names, addresses and an offer of proof of such witness's testimony at least three (3) business days before trial.

The Court strongly advises counsel to over-schedule their witnesses. Should a party run out of witnesses on any given trial day, the Court will presume that the party has rested its case.

**E.  Use of Depositions as Evidence**

If the parties intend to use depositions as evidence during the trial, the parties must file these depositions by **December 18, 2014** with the portions to be read identified therein. As appropriate, an opportunity will be given to the opposing party to read any omitted portion into the record at trial. Parties will be notified at trial of rulings on all objections pertaining to the depositions.

**F.  Exhibits**

Counsel shall mark all exhibits before trial with official or similar exhibit stickers. Plaintiff(s) shall mark exhibits with numbers, and Defendant(s) shall mark exhibits with letters. If there are multiple parties on a side, each party shall use numbers or letters, followed by the party's last name (*e.g.*, "1-Smith" or "A-Jones"). If the defendant has more than 26 exhibits, double letters shall be used (*e.g.*, "AA"). Joint exhibits shall use numbers followed by the word "joint," e.g., 1-Joint, 2-Joint. The case number shall appear on the exhibit stickers. Any multi-page exhibit must have numbers applied to each page for ease of identification.

It is required that counsel place all exhibit sets in a three-ring loose-leaf binder/notebook with appropriately marked divider tabs and a table of contents.

On **January 16, 2015**, counsel shall submit to the Court two (2) courtesy copies of all proposed exhibits, along with an index (form attached hereto as "Appendix B") containing a brief description of each exhibit.  Exhibits shall be exchanged between counsel on or before **January 14, 2015**.

**G.  Jury Trials**

**1. _Voir Dire_**

The jury will be selected on **Tuesday, January 20, 2015** beginning at **8:00 AM.**

The Court will conduct initial _voir dire_ of the entire panel and of individual panel members. The Court thereafter will allow one attorney for each party to question individual panel members briefly on issues not addressed by the Court. The Court will discontinue counsel's _voir dire_ questioning if it appears to the Court that counsel seeks to accomplish something other than eliciting information regarding the panel member's background, biases or suitability for service.

Proposed questions for the Court's _voir dire_ must be filed no later than **November 26, 2014**.

Counsel will exercise their juror strikes at sidebar immediately following _voir dire_. First, plaintiffs will present all motions to strike for cause; then, defendants will present all motions to strike for cause. After the Court rules on these motions, counsel may exercise their peremptory strikes. Counsel may use any peremptory strike to remove any potential juror from the panel.  "Back strikes" are allowed. It will be clear which jurors have been stricken. There are no blind strikes. The Court keeps a chart tracking which jurors would be seated at any given time. Jurors will not know why they were stricken, or by whom.

All challenges, including challenges under *Batson v. Kentucky*, 476 U.S. 79 (1986), are to be made during sidebar when counsel exercise their strikes, and the Court will rule upon these challenges outside the hearing of the jury. Challenges not made at this time are waived.

### 2. <u>Jury Instructions</u>

Counsel are required to provide complete jury instructions to the Court, including (1) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (2) the law applicable to the particular claims, issues and defenses in the case; (3) any interrogatories; and (4) jury verdict forms.

Counsel shall exchange proposed jury instructions no later than **January 5, 2015**. Counsel shall then confer regarding their respective proposals in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible.

A single joint submission of jury instructions shall be filed no later than **January 12, 2015**, providing: (1) agreed upon instructions; (2) instructions proposed by plaintiff(s), but opposed by defendant(s); and (3) instructions proposed by defendant(s), but opposed by plaintiff(s).

Each proposed instruction shall be on a separate 8½" x 11" sheet of paper identified as "Joint/Plaintiff(s)/Defendant(s) Requested Instruction No. ___." Each instruction must contain a citation to the authority upon which counsel relies. The Court will reject any proposed instruction that does not contain a citation to authority.

The Court uses as sources for jury instructions, among others, Pattern Instructions of the Sixth Circuit, Kevin F. O'Malley, et al., Federal Jury Practice and Instructions (5th ed. 2001), and Ohio Jury Instructions.

In some cases, jurors better understand the testimony presented when they are permitted to pose questions to the witness. Accordingly, the Court may permit jurors to submit proposed questions for the witnesses. Any such questions will be submitted to the Court in written form. The Court will then discuss the proposed question with counsel in a sidebar conference. The Court will ultimately decide whether to ask the proposed question. If the Court asks any proposed question, the Court will allow the parties to ask follow-up questions limited to the area of the juror-proposed question.

**H. Nonjury Trials**

For matters not submitted to a jury, the Court requires counsel to submit the following at least seven (7) calendar days before the standby trial period: a statement of the issues; proposed findings of fact; and proposed conclusions of law. The parties also must file any trial briefs no later than seven (7) calendar days before the standby trial period.

The Court may order the parties to submit post-trial briefs. These briefs will be limited to specific issues designated by the Court during or after trial. The Court may permit counsel to file supplemental findings of fact and conclusions of law following trial. Parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

**III. <u>ELECTRONIC COURTROOM</u>**

The Court is pleased to have one of the most technologically advanced courtrooms in the United States. This courtroom features, among other things, the technology necessary to present evidence in a video format. The Court encourages counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this technology well in advance of trial.

## IV. <u>CHANGE OF ADDRESS</u>

Counsel shall notify the Court and the Clerk of this Court by letter of any address, e-mail address, or telephone number changes to assure proper notification.


**IT IS SO ORDERED**.

Dated: September 30, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

## APPENDIX A

A Stipulation & Order following the format shown below must be jointly prepared and electronically filed by counsel at least **seven (7) calendar days** prior to the date of the final pre-trial conference.  Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 0:00-CV-0000 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Sara Lioi |
| | ) | |
| JANE DOE, | ) | |
| | ) | STIPULATION & ORDER |
| Defendant. | ) | |

### FINAL PRE-TRIAL ORDER

This action came before the Court at a final pre-trial conference held on the _____day of _____, 200_, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

## I.  APPEARANCES:

For Plaintiff(s):

For Defendant(s):

## II.  NATURE OF ACTION AND JURISDICTION:

A. This is an action for_____.

B. The jurisdiction of the Court is invoked under Title ___, United States Code, Section _____.

C. The jurisdiction of the Court is (disputed / undisputed).

## III.  TRIAL INFORMATION:

A. The estimated length of trial is ____ days.

B. Trial to (the Court/Jury) is set for (MM/DD/YYYY).

## IV. <u>AGREED STATEMENTS AND LISTS</u>

   A.  General Nature of the Claims of the Parties

      (1)    Plaintiff Claims: (*e.g.*, "Plaintiff asserts in Count 1 a right of recovery for defendant's negligence as follows:")

      (2)    Defendant Claims: (*e.g.*, "Defendant denies liability as asserted in counts for the following reasons."-  or **-** "Defendant as an affirmative defense asserts that plaintiff was contributorily negligent as follows:. . .").

   B.  Uncontroverted Facts

     Suggested Language:

     "The following facts are established by admissions in the pleadings or by stipulations of counsel . . ." (set forth and number uncontroverted or uncontested facts).

   C.  Issues of Fact and Law

     Suggested Language:

      (1)    "Contested Issues of Fact:  The contested issues of fact remaining for decision are . . ." (list them).

      (2)    "Contested Issues of Law:  The contested issues of law in addition to those implicit in the foregoing issues of fact are:. . ." (set forth). OR "There are no special issues of law reserved other than those implicit in the foregoing issues of fact."

   D.  Witnesses

     Suggested Language:

     "Plaintiff/defendant will call or will have available for testimony at trial those witnesses whose names are set forth on the attached witness list"  (see Appendix C).

E.  Expert Witnesses

> Suggested Language:
>
> "Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to opposing counsel: . . . ."

F.  Trial to the Court

> Parties must file a statement of the issues, proposed findings of fact, and proposed conclusions of law in accordance with the time limits set forth in the trial order.  Parties must also file any trial briefs in accordance with the time limits set forth in the trial order.

G.  Trial to a Jury

> Proposed voir dire questions and proposed jury instructions must be submitted to the Court in accordance with the time limits set forth in the trial order.

H.  Use of Depositions

> Suggested Language:
>
> "Testimony of the following witnesses will be offered by deposition/video tapes: . . ." OR "No testimony will be offered by deposition/video tape."

I.  Exhibits

> The parties will offer as exhibits those items listed herein as follows:
>
> (1)  Joint Exhibits - Appendix B (Use Arabic Numerals & "Joint").
>
> (2)  Plaintiff Exhibits - Appendix B (Use Arabic Numerals).
>
> (3)  Defendant Exhibits - Appendix B (Use Letters)
>
> (4)  Third-Party Exhibits - Appendix B (Use Letters Prefixed by Initial of Party).

J.  Pending Motions

> Suggested Language:
>
> "The following motions are pending at this time: . . ." OR "There are no pending motions at this time."

K.  Settlement Efforts

> Set forth status of settlement discussions between the parties.

**IT IS SO ORDERED.**

_____
JUDGE SARA LIOI
UNITED STATES DISTRICT JUDGE

Counsel for:  _____

Counsel for:  _____

## APPENDIX B

An Exhibit List following the format shown below, along with  two (2) copies of all exhibits, must be prepared and submitted by counsel **one (1) business day before** the trial commences. Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

_____        CASE NO.  _____
              PLAINTIFF(S),

          vs.        JUDGE SARA LIOI

_____
              DEFENDANT(S).

| PLAINTIFF/DEFENDANT/JOINT/THIRD-PARTY EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|
| EXHIBIT I.D. | DESCRIPTION OF EXHIBIT | I.D. | OFFERED | OBJ. | ADMITTED | NOT ADMITTED |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

## APPENDIX C

A Witness List following the format shown below must be prepared and submitted by counsel, along with the final pre-trial order, **seven (7) calendar days** prior to the final pre-trial conference.  Specific reference is made here to the terms of the Trial Order that shall be read and applied in conjunction with the format below.

_____          CASE NO.  _____

PLAINTIFF(S),

vs.                                                       JUDGE SARA LIOI

_____

DEFENDANT(S).

| PLAINTIFF/DEFENDANT WITNESSES | |
|---|---|
| **NAME** | **SYNOPSIS OF TESTIMONY** |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |