# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED ERECTING AND DISMANTLING CO., INC., | : | |
| | : | Civil Action No. 4:12-CV-1390 |
| | : | |
| Plaintiff, | : | |
| v. | : | JUDGE SARA LIOI |
| | : | |
| UNITED STATES STEEL CORPORATION, | : | |
| | : | MAGISTRATE JUDGE |
| Defendant. | : | GEORGE J. LIMBERT |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE

Plaintiff Allied Erecting and Dismantling Co., Inc. ("Allied"), by its attorneys, Eckert Seamans, Cherin & Mellott, LLC and Nadler Nadler & Burdman Co., LPA, hereby submits its Response to Defendant's Motion to Strike, as follows:

Before the Court is Defendant U.S. Steel's Motion to Strike Plaintiff's Untimely Motion for Reconsideration, (Docket No. 182), addressing Allied's Motion for Reconsideration of Summary Judgment on U.S. Steel's Second Counterclaim. (Docket No. 178). U.S. Steel's Motion to Strike should be denied because, contrary to its assertion, the filing deadlines provided by Rule 59 of the Federal Rules of Civil Procedure do not apply to a motion to reconsider an interlocutory order as a matter of law.

It is hornbook law that "[c]ourts have inherent power to reconsider interlocutory orders, including grants of partial summary judgment and denials of summary judgment." 11 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE § 56.124[1] (3d ed. 2014) (collecting cases). Indeed, the Federal Rules of Civil Procedure explicitly authorize a district court to revise any interlocutory order at any time prior to a final judgment:

1

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and <u>may</u> <u>be</u> <u>revised</u> <u>at</u> <u>any</u> <u>time</u> before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (emphasis added).  As the Sixth Circuit has explained, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."  <u>Rodriguez v. Tennessee Laborers Health & Welfare Fund</u>, 89 F. App'x 949, 959 (6th Cir. 2004).

The notion that Rule 59(e)'s deadline for filing a motion to alter or amend a judgment applies to all motions for reconsideration is simply incorrect in light of the body of law on this subject.  In <u>Blair v. Board of Trustees of Sugarcreek Twp.</u>, the district court rejected this very same argument.  Civ. No. 07-056, 2008 WL 4372665 (S.D. Ohio Sept. 22, 2008).  Instead, the court recognized that there was a legally significant difference between a motion to reconsider an interlocutory order and a motion to reconsider a final judgment:

> An interlocutory order is one that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties. <u>See</u> <u>Harrington v. Ohio Wesleyan University</u>, No. 2:05-cv-249, 2008 WL 163614 at *1 (S.D. Ohio Jan. 16, 2008); FED. R. CIV. P. 54(b).  For example, a partial grant of summary judgment is an interlocutory order. <u>Leelanau Wine Cellars Ltd. v. Black and Red, Inc.</u>, 118 Fed. App'x. 942, 945-46 (6th Cir.2004).
>
> A judgment is defined as "a decree and any order from which an appeal lies." <u>Phillips v. Teamsters Local Union No. 957</u>, No. 3-:05-CV-292, 2007 WL 397011 at * 1 (S.D. Ohio Jan. 31, 2007); FED. R. CIV. P. 54(a). Thus the word judgment encompasses final judgments and appealable interlocutory orders. Id. (citing <u>Financial Services Corp. of the Midwest v. Weindruch</u>, 764 F.2d 197, 198 (7th Cir.1985)).
>
> The Defendants argue that <u>Blair's</u> Motion To Reconsider should be construed as a motion to alter or amend judgment under Rule 59(e). However, since the order that <u>Blair</u> wishes the Court to reconsider adjudicates fewer than all of the claims, entails a partial grant of

2

> summary judgment, and is not immediately appealable, it is an interlocutory order. As a result, there is no procedural basis for its consideration and Rule 59(e), for example, does not apply. Since Rule 59(e) does not apply, the ten-day time limit set forth in Rule 59(e) also does not apply and Blair's Motion for Consideration will not be struck on the basis that it was not timely filed.

Id. at *2.[1]

U.S. Steel's reliance on the cases cited in its motion to strike is misplaced.  In McDowell v. Dynamics Corp. of Am., the Sixth Circuit did state that it had previously held that motions to reconsider are properly treated as motions to alter or amend a judgment pursuant to Rule 59(e). 931 F.2d 380, 382 (6th Cir. 1991).  However, in the very next paragraph the court declined to treat the motion for reconsideration as a motion pursuant to Rule 59 because no judgment had been issued that could be altered or amended.  See id. ("Although motions for reconsideration are often treated as Rule 59 motions, appellant's motion is not one that is contemplated by Rule 59.").  This Court's prior treatment of a motion for reconsideration as a Rule 59 motion to alter or amend a judgment is also inapposite because those decisions considered the motion to reconsider following entry of a final judgment adjudicating all the parties' rights and liabilities.  See, e.g., Hernandez v. Pugh, Civ. No. 12-2040, 2013 WL 3489699, at *1 (N.D. Ohio July 10, 2013).

No final judgment has been entered "adjudicating all the claims and all the parties' rights and liabilities" in this case.  FED. R. CIV. P. 54(b).  Because Allied seeks reconsideration of the Court's interlocutory order granting summary judgment in favor of U.S. Steel on its Counterclaim II, (Docket No. 174), the filing deadline provided in Rule 59(e) for challenging final judgments does not apply to Allied's Motion for Reconsideration of Summary Judgment on U.S. Steel's Second Counterclaim.  (Docket No. 178).

---

[1]  Prior to the 2009 Amendments to the Federal Rules of Civil Procedure, the deadline for filing a motion to amend or alter judgment pursuant to Rule 59(e) was ten days.

3

This Court's Memorandum Opinion and Order was issued on September 30, 2014.  (Doc. 174.)  Due to the complexities of the issues addressed in the Opinion, Allied took the necessary time to analyze and digest the Opinion and, after reviewing the stated bases for the grant of summary judgment on the MFG Advance, Allied then requested its outside CPA, Thomas Anness, to review all of the Fairless project cost records, which spanned a period of six years, and calculate the equipment discounts actually received by U.S. Steel for the work actually performed by Allied. These efforts, of course, took some time.  It was during this same time period that the case schedule and trial date were extended by two months.  (Doc. 177.) The Motion for Reconsideration was filed on November 17, 2014 – a little over one month after this Court's Opinion.  This does not represent any undue delay and will not negatively impact the current trial schedule – which is now set for March 30, 2014.  Accordingly, this Court should deny U.S. Steel's Motion to Strike[2] and permit Allied's Motion for Reconsideration to be decided on the merits.

WHEREFORE, Allied respectfully requests that U.S. Steel's Motion to Strike be denied.

---

[2] Despite U.S. Steel's comments on the merits (which Allied denies), Allied declines to further address the merits of its Motion for Reconsideration of Summary Judgment on U.S. Steel's Second Counterclaim, (Docket No. 178), because U.S. Steel has yet to file its response to said Motion, which is due on December 3, 2014 in accordance with the Court's Second Amended Final Pretrial Conference and Trial Order. (Docket No. 181).  Allied's present Response is strictly limited to responding to U.S. Steel's Motion to Strike.  (Docket No. 182).

Respectfully submitted,


/s/  F. Timothy Grieco
Christopher R. Opalinski
Ohio Bar No. 0084504
Pa. I.D. #35267
copalinski@eckertseamans.com
F. Timothy Grieco (pro hac vice)
Pa. I.D. #81104
tgrieco@eckertseamans.com

Eckert Seamans Cherin & Mellott, LLC
PA Firm No. 075
U.S. Steel Tower
44th Floor, 600 Grant Street
Pittsburgh, Pennsylvania  15219
412-566-5963
Fax: 412-566-6099


Jay M. Skolnick
Ohio Bar No. 0006767
jmskolnick@nnblaw.com

Nadler Nadler & Burdman Co., LPA
6550 Seville Drive, Suite B
Canfield, Ohio  44406
330-533-6195 (telephone)
330-533-6198 (facsimile)

Attorneys for Plaintiff
Allied Erecting and Dismantling Co., Inc.

Dated:  November 26, 2014

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendant's Motion to Strike was served by operation of the Court's CM/ECF system this 26th day of November, 2014, as follows:

Timothy J. Cornetti, Esquire
U.S. Steel Corporation, Suite 1500
600 Grant Street
Pittsburgh, Pennsylvania  15219

Roy A. Powell, Esquire
David M. Belczyk, Esquire
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania  15219

Michael R. Gladman, Esquire
Matthew R. Jolson, Esquire
Jones Day
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43216

/s/  F. Timothy Grieco
F. Timothy Grieco, Esquire

Eckert Seamans Cherin & Mellott, LLC
U.S. Steel Tower
44th Floor, 600 Grant Street
Pittsburgh, Pennsylvania  15219

Attorneys for Plaintiff
Allied Erecting and Dismantling Co., Inc.

(J1899099.1 docx)