IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ALLIED ERECTING AND DISMANTLING CO., INC.,**  Plaintiff,  v.  **UNITED STATES STEEL CORPORATION,**  Defendant. | Civil Action No. 4:12 CV 1390  JUDGE SARA LIOI  MAGISTRATE JUDGE GEORGE J. LIMBERT |

### UNITED STATES STEEL CORPORATION'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Allied Erecting and Dismantling Co.'s ("Allied") Response To U. S. Steel's Motion to Strike Plaintiff's Untimely Motion For Reconsideration [Doc No. 184] ("Response") contends that Fed. R. Civ. P. 59(e) and its 28-day deadline do not apply to a motion to reconsider an interlocutory order "as a matter of law."  Response at 1.  To the contrary, this Court and others within the Sixth Circuit regularly identify such motions as Rule 59(e) motions and have applied Rule 59(e)'s deadlines, despite some decisions that split from this authority.  Building on its erroneous premise, Allied concludes that there is ***no deadline*** applicable to its Motion for Reconsideration of Summary Judgment on U. S. Steel's Second Counterclaim [Doc No. 178] ("Motion for Reconsideration"), which Allied filed almost seven weeks after the Court granted U. S. Steel partial summary judgment.  Not so—even Allied's own authority recognizes that time limits apply to motions to reconsider interlocutory orders.

To be sure, numerous recent decisions from this Court and other courts in the Sixth Circuit identify and treat motions to reconsider partial (interlocutory) summary judgment rulings as Rule 59(e) motions.  *See, e.g., The Scooter Store, Inc. v. Spinlife.com, LLC*, No. 2:10-cv-18,

2012 U.S. Dist. LEXIS 140003, at *7, 9-10 (S.D. Ohio Sept. 28, 2012); *Chesapeake Appalachia, LLC v. Williams*, No. 7:10-87-KKC, 2012 U.S. Dist. LEXIS 124139, at *1 (E.D Ky. Aug. 31, 2012); *Pilkington N.A., Inc. v. Travelers Casualty & Surety Co.*, No. 3:01-cv-7617, 2009 U.S. Dist. LEXIS 94322, at *12-13 (N.D. Ohio Sept. 23, 2009); *Cincinnati Gas & Elec. Co. v. Hartford Steam Boiler Inspection and Ins. Co.*, No. 1:06-cv-331, 2008 U.S. Dist. LEXIS 76625, at *3 (S.D. Ohio Sept. 9, 2008); *Invacare Corp. v. Respironics, Inc.*, No. 1:04-cv-1580, 2007 U.S. Dist. LEXIS 52321, at *2 (N.D. Ohio July 18, 2007); *Martin v. A. O. Smith Corp.*, 931 F. Supp. 543, 550 (W.D. Mich. 1996).

In doing so, courts have acknowledged that the 28-day deadline in Rule 59(e) applies to motions to reconsider partial summary judgment grants.  For example, in *The Scooter Store*, the court held that a motion to reconsider partial summary judgment was to be treated as a Rule 59(e) motion that had to be filed within 28 days of the partial summary judgment decision in order to be timely.  *The Scooter Store, Inc.*, 2012 U.S. Dist. LEXIS 140003, at *10.

Similarly, several decisions from this Court and other courts in the Sixth Circuit identify and treat motions to reconsider partial dismissals (also interlocutory orders) as Rule 59(e) motions.  *See, e.g., Infocision Management Corp. v. Foundation for Moral Law, Inc.*, Nos. 5:08-cv-1342 and 5:08-cv-1412, 2009 U.S. Dist. LEXIS 133014, at *4-5, 19 (N.D. Ohio Jan. 16, 2009) (Lioi, J.); *Turner v City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009); *Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, No. C-3-06-366, 2007 U.S. Dist. LEXIS 85094, at *2-5 (S.D. Ohio Nov. 6, 2007).

Again, in doing so, courts have acknowledged that the 28-day deadline in Rule 59(e) applies to those motions to reconsider partial dismissals.  In *Playa Marel,* for example, the court not only treated a motion to reconsider a partial grant of a motion to dismiss as a Rule 59(e)

2

motion, but the court also concluded that the reconsideration motion was untimely because it was not filed within the deadline set forth in Rule 59(e).  *Playa Marel*, 2007 U.S. Dist. LEXIS 85094, at *2-5.

Finally, this Court and others also apply Rule 59(e) to motions to reconsider other interlocutory orders.  *See, e.g., Laber v. United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Int'l Union*, No. 5:13-cv-640, 2014 U.S. Dist. LEXIS 135816, at *6 (N.D. Ohio Sept. 25, 2014) (reconsideration of denied motion for remand) (Lioi, J.); *Kauffman v. Medina County Clerk of Courts*, Case No. 13-cv-1261, 2014 U.S. Dist. LEXIS 33389, at *5-6 (N.D. Ohio March 14, 2014) (reconsideration of order quashing subpoena); *Oakes v. J.F. Bernard, Inc.*, No. 5:11-cv-1006, 2012 U.S. Dist. LEXIS 45614, at *6 (N.D. Ohio Mar. 30, 2012) (reconsideration of conditional class certification).

This precedent demonstrates that this Court and those throughout the Sixth Circuit treat motions for reconsideration (even of interlocutory orders) as Rule 59(e) motions, as a matter of law, and apply the 28-day deadline.  That said, it appears that some decisions in the Sixth Circuit have split from this authority and concluded that a motion to reconsider an interlocutory order is governed by Rule 54(b), while a motion to reconsider a final judgment is governed by Rule 59(e).  These decisions exist alongside others, even from the same courts, that continue to apply Rule 59(e).  For example, Plaintiff cites one case that chose not to treat a motion to reconsider partial summary judgment as a Rule 59(e) motion.  *Blair v. Bd. of Trustees of Sugarcreek Twp.*, No. 3:07-cv-56, 2008 U.S. Dist. LEXIS 71666 (S.D. Ohio Sept. 22, 2008).  The *Blair* court, however, acknowledged that it previously applied Rule 59(e) to a motion to reconsider an interlocutory order and struck the order as untimely.  *Id.*, at *5 n.1, citing *Playa Marel*, 2007 U.S. Dist. LEXIS 85094, at *2-5.  It was also unwilling to abrogate its ruling of only a year earlier, noting only that

*Playa Marel* was "possibly" incorrect.  *Blair*, 2008 U.S. Dist. LEXIS 71666, at *5 n.1.  Moreover, since *Blair*, both the Northern and Southern Districts of Ohio have routinely applied Rule 59(e) to motions to reconsider interlocutory orders, in the cases cited above.

This Court's decision in the later-decided *Infocision Management Corp.* case demonstrates that any split from authority is not persuasive.  In *Infocision*, this Court treated a motion to reconsider interlocutory dismissal of some but not all claims as a Rule 59(e) motion, even while considering authority relied upon by Allied.  **First**, Allied attempts to distinguish *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991) on the basis that the order at issue in *McDowell* was interlocutory.  *Infocision*, however, cites to *McDowell* for the general rule that motions to reconsider should be treated as Rule 59(e) motions, and applies that rule to reconsideration of an expressly-identified interlocutory order.  *Infocision Management Corp.*, 2009 U.S. Dist. LEXIS 133014, at *4, 19.  **Second**, Allied cites *Rodriguez v. Tennessee Laborers Health and Welfare Fund*, 89 Fed. App'x 949 (6th Cir. 2004), which recognizes, from an abuse-of-discretion perspective, that a district court had the inherent power under Rule 54(b) to consider and deny a motion for reconsideration.  *Infocision* cites to *Rodriguez* as authority for the movant's burden of proof on reconsideration, while still identifying the motion as one under Rule 59(e).  *Infocision Management Corp.*, 2009 U.S. Dist. LEXIS 133014, at *5.  **Finally**, *Infocision* relies on Rule 59(e) in assessing the motion to reconsider while undertaking parallel consideration of a Rule 54(b) motion for an interlocutory appeal of the order under reconsideration.  *Infocision Management Corp.*, 2009 U.S. Dist. LEXIS 133014, at *19.  Thus, *Infocision* demonstrates that this Court does not read *McDowell* and *Rodriguez* as Allied paints them.  Rather, *Infocision* shows that this Court does not judge reconsideration motions solely by

Rule 54(b), but instead finds authority and reason to treat motions to reconsider as Rule 59(e) motions.[1]

*Infocision* does not stand alone.  This Court's recent decision in *Laber*, 2014 U.S. Dist. LEXIS 135816, at *6 also applies the *McDowell* rule in identifying reconsideration of an interlocutory order as a Rule 59(e) motion, again while citing *Rodriguez* as part of it statement of applicable standards.  *The Scooter Store* also cites to *Rodriguez* while expressly applying Rule 59(e) and its timeliness limitations.  *The Scooter Store, Inc.*, 2012 U.S. Dist. LEXIS 140003, at *7.  Additionally, *Kauffman*, 2014 U.S. Dist. LEXIS 33389, at *5-6 applies the general rule of *McDowell* to characterize reconsideration of an interlocutory order as a Rule 59(e) motion.  And *Martin*, 931 F. Supp. at 550, also relies on *McDowell* and treats reconsideration of partial summary judgment as a Rule 59(e) motion.

This and other courts' continued application of Rule 59(e) despite contemporary recognition of Allied's cited authority demonstrates that Rule 54(b) is not, as Allied suggests, the entire story.  While courts may have inherent power to reconsider their orders, it is logical and reasonable to set conditions on that power and to mark those circumstances when it is appropriate to exercise it.  Thus, courts in the Sixth Circuit have adopted Rule 59(e)'s standards for assessing the merits and timeliness of such motions, thereby setting boundaries for exercising that authority.  And this makes sense, as those standards respect traditional notions of finality and encourage timeliness and efficiency among litigants.  Motions for reconsideration are

---

[1] Allied also points to Moore's Federal Practice to bolster its argument (Response at 1), but the cited provision stands for the same notion that courts have "inherent power" to reconsider interlocutory orders.  *See* Moore's Fed. Prac. § 56.124[1].  Indeed, Moore's notes that some jurisdictions treat motions to reconsider interlocutory orders as Rule 59(e) motions, even though others may rely solely on Rule 54(b).  *Id.* at § 56.124[2] n.6.  Moreover, Moore's notes that some jurisdictions limit the time to file such motions.  *Id.* at § 56.124[5] n.23.

"extraordinary in nature" precisely because "they run contrary to notions of finality and repose." *Kauffman*, 2014 U.S. Dist. LEXIS 33389, at *6.[2]

Moreover, even if this Court decides not to apply Rule 59(e) to Plaintiff's pending motion, time limits still apply. Plaintiff's own authority recognizes that a court has the discretion not to consider untimely motions for reconsideration, even if it has the authority to do so under Rule 54(b). *Blair*, 2008 U.S. Dist. LEXIS 71666, at *6-9 (holding that 60-day delay by counsel seeking reconsideration was meritless and "pitiable"). Allied's conduct is very similar to the conduct criticized as untimely in *Blair*. In *Blair*, the untimely movant raised issues and arguments it could have addressed during summary judgment. The movant tried to excuse its 60-day delay because of the alleged complexity of the issues and the existence of a pending stay. Here, too, Allied raises issues and arguments it could have presented during summary judgment. And Allied similarly tries to excuse its 48-day delay because the issues are complex, and there was a brief extension of case deadlines. Response at 4. Allied's reasons are equally insufficient as those in the *Blair* matter.

---

[2] Similar to reliance on Rule 59(e) timeliness standards, some courts in the Sixth Circuit deny motions for reconsideration under local rules establishing deadlines for filing such motions. *See, e.g., Corso Enters. v. Shop at Home Network*, No. 3:04-260, 2005 U.S. Dist. LEXIS 48371, at *12 (M.D. Tenn Sept. 26, 2005).

For the foregoing reasons, U. S. Steel respectfully asks this Court to Strike Allied's Motion for Reconsideration.

Dated: December 3, 2014

Respectfully submitted,

*s/ Michael R. Gladman*
Michael R. Gladman
(Ohio Bar Registration No. 0059797)
E-mail:  mrgladman@jonesday.com
JONES DAY
Street Address:
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio  43215-2673
Mailing Address:
Post Office Box 165017
Columbus, Ohio  43216-5017

Telephone:  614.469.3939
Facsimile:  614.461.4198

Roy A. Powell (admitted *pro hac vice*)
E-mail:  rapowell@jonesday.com
David M. Belczyk (admitted *pro hac vice*)
E-mail:  dbelczyk@jonesday.com
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, Pennsylvania  15219-2514

Telephone:  412.391.3939
Facsimile:  412.394.7959

Timothy J. Cornetti (admitted *pro hac vice*)
E-mail:  tjcornetti@uss.com
UNITED STATES STEEL
CORPORATION
600 Grant Street, Suite 1500
Pittsburgh, Pennsylvania  15219

Telephone:  412.433.992
Facsimile:  412.288.3063

**Counsel for Defendant**
**United States Steel Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply in Support of Motion to Strike Plaintiff's Untimely Motion for Reconsideration was served by operation of the Court's CM/ECF system on all counsel of record.

*s/ Michael R. Gladman*
Michael R. Gladman

***Counsel for Defendant United States Steel Corporation***