UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED ERECTING AND DISMANTLING CO., INC., | ) ) ) | CASE NO. 4:12-cv-1390 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION** |
| UNITED STATES STEEL CORPORATION, | ) ) ) | **AND ORDER** |
| DEFENDANT. | ) | |

Before the Court is the memorandum of law, construed as a motion (Doc. No. 303 ["Motion"]), filed by plaintiff Allied Erecting and Dismantling Co., Inc. ("plaintiff") in support of its request for judgment on Count I (declaratory judgment) of its second amended complaint (Doc. No. 43 ["SAC"]). Defendant United States Steel Corporation ("defendant") has filed its opposition. (Doc. No. 304 ["Opp'n"].) The Court heard oral argument on September 10, 2015. For the reasons discussed below, plaintiff's motion is denied.

**I. BACKGROUND**

This case originated on June 4, 2012. On November 14, 2012, with leave of Court, plaintiff filed its SAC setting forth the following nine counts: *I. Declaratory Judgment* (Payment for Concrete Removal and Basement Backfill at the Fairless Works); *II. Breach of Contract* (Payment for Concrete Removal and Basement Backfill at the Fairless Works); *III. Breach of Contract* (Disruption/Delay at the Fairless Works); *IV. Breach of Contract* (Value of Facilities Removed from Allied's Scope of Work at the Fairless Works); *V. Breach of Contract* (Value of Remaining Non-ferrous and Rail at the Fairless Works); *VI. Breach of Contract* (Accelerated Salvage Removal at the Fairless Works); *VII. Breach of Contract* (U.S. Steel's

Failure to Award Dismantling Work to Allied); *VIII. Breach of Contract* (Unanticipated Scrap Quantities for Dismantling Work under the 2010 DSA); and *IX. Breach of Contract* (Improper Deductions on the Clairton Screening Project).

Defendant sought partial dismissal of the SAC, but also answered in part and asserted three counterclaims: *I. Breach of Contract* (Related to Basement Work at Fairless Works); *II. Breach of Contract* (Related to MFG Advance Payment); and *III. Breach of Contract and Declaratory Judgment* (Related to Railroad Tie Removal).

On motions prior to trial, the Court initially dismissed Count VIII of plaintiff's SAC (Doc. No. 84 ["MTD Ruling"]), and later granted summary judgment in favor of defendant on Count VI of the SAC and on defendant's own Counterclaim II.[1] (Doc. No. 174 ["MSJ Ruling"].) The Court concluded that a fact-finder was needed to resolve the other claims.

The case was tried to a jury from May 18, 2015 through June 4, 2015. With respect to the so-called "basement claims" implicated by the current motion, the parties agreed to submit the following two interrogatories to the jury, both of which were unanimously answered in the affirmative:

1. Did Allied prove by the preponderance of the evidence that U.S. Steel breached the 2003 AIP and 2004 DSA by hiring another contractor to perform basement work that Allied should have been compensated to perform?

2. Did U.S. Steel prove by the preponderance of the evidence that Allied breached the 2003 AIP and 2004 DSA by refusing to perform basement work that it should have performed at no additional cost?

---

[1] With respect to Counterclaim II, the Court ruled that defendant was entitled to recover the $10 million Manufacturing Advance Payment it made to plaintiff. By separate order, the Court has ruled that defendant is entitled to prejudgment interest on this amount from August 14, 2012 until the date of final judgment.

(Doc. No. 293.) Related to Interrogatory #1, the jury unanimously awarded $694,067.00 (which was an amount less than what Allied was seeking) to "compensate Allied because a company other than Allied performed" the relevant work. (*Id.*, Interrog. #3.) Related to Interrogatory #2, the jury unanimously awarded $0 to "compensate U.S. Steel because U.S. Steel had to hire another company to perform" the relevant work. (*Id.*, Interrog. #4.)

On July 29, 2015, the Court conducted a telephone conference with counsel of record to discuss whether there was need for a hearing on the pending post-trial cross-motions for prejudgment interest. (Doc. Nos. 297 and 298.) During that conference, plaintiff's counsel raised their belief that plaintiff is now entitled to a ruling by the Court with respect to Count I, the declaratory judgment count of the SAC. Defendant's counsel disagreed, asserting that this count had been waived. After some discussion, the Court set a briefing schedule on the issue.

The questions now before the Court include (1) whether plaintiff preserved its right to pursue Count I and, if it did, (2) whether it met its burden of proof (based on the jury verdicts) to entitle it to the declaration(s) it seeks.

## II. DISCUSSION

**A.     Count I of the SAC**

In Count I of the SAC, plaintiff alleged that the 2003 AIP with defendant was an "an exclusive, non-cancellable, long-term dismantling agreement under which Allied would be entitled to perform 'any further dismantling work' for U.S. Steel at the Fairless Works[.]" (SAC ¶ 8.) Allied further alleged that, consistent with the contract's definition of "dismantling work," it was entitled to be compensated for any "concrete removal below 'top of floor slab' or backfilling and grading of basements[.]" (*Id.* ¶ 18.) Allied alleged that defendant refused to allow it to do this type of work unless Allied would do it at no cost to defendant and, further, that

3

defendant contracted with a competitor of Allied to do some of this work, wrongfully intended to backcharge Allied to recover its costs, and converted to its own purposes certain scrap materials that belonged to Allied. (*Id.* ¶¶ 58, 61.) Allied sought declaratory judgment as to Count I and now asks this Court to enter that judgment.

**B.     The Parties' Respective Positions**

   *1.     Plaintiff's Arguments*

Plaintiff asserts that it has sought declaratory relief throughout this litigation as part of its basement work claim, and that the claim relates to all basement work, including future basement work, at the Fairless Works. Plaintiff argues that Count I asks the Court to declare that it is entitled to perform, and be compensated for, all future basement work at Fairless and to enjoin defendant from ever having this work performed by other contractors, whereas Count II sought damages for defendant's refusal to compensate plaintiff to perform work at one particular basement (the Batch Annealing Building ["BA1"]) and defendant's corresponding election to award that work to plaintiff's competitor, Brandenburg.

With respect to the first question before the Court, plaintiff identifies several record references in support of its assertion that it has never abandoned or waived Count I: the joint Final Pretrial Order (Doc. No. 220); the Joint Preliminary Statement read to the jury (Trial Tr. [Doc. No. 272] at 18390); and the proposed verdict slips and jury interrogatories submitted by both parties (Pl. Prop. Verdicts [Doc. No. 261]; Deft. Prop. Verdicts [Doc. Nos. 262, 284].)

With respect to the second question before the Court, plaintiff argues that the jury's verdicts in its favor and against defendant on the basement work claims establish that plaintiff is entitled to declaratory judgment. The jury found that defendant breached the relevant

4

contracts "by hiring another contractor to perform basement work that Allied should have been compensated to perform[,]" and awarded plaintiff $694,067.00 (which was an amount less than what Allied was seeking). The jury also found that Allied likewise breached the contracts "by refusing to perform basement work that it should have performed at no additional cost[,]" but awarded zero dollars to U.S. Steel.

Plaintiff argues that these findings and awards are not inconsistent,[2] asserting that the jury "was given instructions regarding the distinction between a material breach and an immaterial breach[,]" and that "[f]or liability to attach, a contract breach must be material." (Motion at 21393.) Plaintiff argues that, applying the Court's instructions, the jury "clearly found a material breach committed by U.S. Steel and awarded damages[,]" and "likewise concluded that any breach by Allied was immaterial, and so declined to award damages to U.S. Steel." (*Id.*) Although not conceding inconsistency, plaintiff asserts that inconsistency, if any, in the jury's verdict should have been raised by defendant before the jury was dismissed. Defendant's failure to do so, plaintiff argues, amounts to a waiver of any right to challenge.

Finally, plaintiff argues that "the only remaining task is for the Court to award declaratory relief to Allied for the future Basement Works Claim." (*Id.* at 21396.)[3] Plaintiff asserts that "where there is a jury verdict that bears on the declaratory judgment request, the Court should follow the jury's findings, to the extent relevant." (*Id.* at 21397, citing *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, No. 09-cv-10179, 2012 WL 3731741 (E.D. Mich. Aug. 29,

---

[2] Here, plaintiff was anticipating an argument it believed defendant would make. Although defendant was, therefore, placed in the position of having to address the issue of inconsistency, the defendant's view is that this argument is premature. Defendant's primary argument is that plaintiff, if it has not waived Count I, has simply failed to meet its burden of proof.

[3] In particular, plaintiff points to trial exhibits showing that defendant demanded plaintiff perform additional basement work in fifteen other basements and has subsequently received various estimates for basement work at Fairless. Plaintiff seeks a declaration that it is entitled to perform all of this work and to be compensated for it. (*See* Motion at 21399, citing P-87, P-93, P-96, P-97.)

5

2012), *aff'd* 607 F. App'x 484 (6th Cir. 2015); *see also* Motion at 21397-99, citing additional cases.) To the extent the Court desires a "further record regarding the evidentiary basis for a declaratory judgment ruling," Allied requests a schedule to "allow the parties to make appropriate submissions, including proposed findings of fact, conclusions of law, and proposed orders, based on the testimony and exhibits admitted at trial." (Motion at 21398, n. 8.)

    2.    *Defendant's Arguments*

In opposition, defendant argues first that the Seventh Amendment requires that a jury resolve all factual questions underlying plaintiff's declaratory judgment claim, which defendant characterizes as "an equitable claim[.]" (Opp'n at 21404.) It asserts: "The nexus of facts underlying both [the legal and equitable] claims is entirely the same. The uniform question can be stated as follows: For what basement work, if any, is Allied entitled to be paid? The answer for past work is the same answer for future work." (*Id.*) Defendant asserts that both parties exercised their rights to have questions of fact resolved by the jury and these facts (or lack thereof) are now binding as related to any equitable claim. Further, defendant argues that plaintiff's request for new factual findings, if granted, would violate defendant's right to a jury trial. (Opp'n at 21405, citing Motion at 21398, n.8.)

Pointing to the record, including the Case Management Plan and Trial Order (Doc. No. 45), as well as the Final Pretrial Order (Doc. No. 220), defendant asserts that the parties consistently recognized that the jury would find the facts underlying Count I. Defendant takes the position that "Allied understood from the beginning that all factual issues underlying the legal and equitable basement claims were coextensive and thus would all be considered and

decided by the jury." (Opp'n at 21407.)[4] Since plaintiff "failed to secure from the jury those necessary factual predicates[, it] cannot now … ask the Court to make those determinations." (*Id.*)

Defendant's third argument is that the jury's factual findings actually preclude plaintiff's requested declaratory relief, both explicitly and by omission. Defendant claims that plaintiff's "alleged entitlement to such a declaration [*i.e.*, that it is entitled to perform, and be paid for, all future basement work at Fairless that is below top of floor slab] is premised on an interpretation of the verdict that diametrically opposes what the verdict actually says." (Opp'n at 21407-08, citing Interrog. #2.) Defendant rejects as an "unjustified gloss" plaintiff's argument that the jury found defendant's breach immaterial. Defendant points out that the jury was properly instructed to find *no* breach if "the nonperformance was immaterial and thus the contract was substantially performed[.]" (*Id.* at 21408, citing Tr. [Doc. No. 288] at 21100.) Defendant argues that, because the jury found that Allied breached, the breach was necessarily material in light of that instruction. Defendant further argues that the fact the jury awarded zero dollars to defendant does not change the analysis; it merely means that the jury determined defendant was not entitled to compensation for Allied's (material) breach.

Defendant's fourth argument is that plaintiff waived its opportunity to ask the requisite jury interrogatories and actually rejected defendant's attempts to formulate more specific interrogatories that would have made the factual determinations plaintiff now seeks. It was Allied's burden to ask the jury whatever questions were necessary to elicit the facts required to support its claims. Defendant asserts: "To the extent that Allied describes waiver as the

---

[4] During oral argument, plaintiff's counsel emphasized repeatedly that defendant has conceded that the facts are coextensive and that resolution of "the basement claims" resolves both past and future claims.

intentional relinquishment of a known right, … nothing could be more intentional than insistence upon a verdict slip that lacks factual determinations Allied now wishes it had sought." (*Id.* at 21410.) Defendant further asserts that its voluntary withdrawal of its own claim for damages as to future basement work is irrelevant and is not an admission as to Allied's claims. (*Id.* n.2.)

Finally, defendant asserts that plaintiff's arguments concerning verdict inconsistencies are premature and can only be raised in a Rule 59(e) motion following entry of final judgment.

**C.      Analysis**

After examining Count I, the declaratory judgment claim, in light of the entire procedural background of this case, the Court concludes that plaintiff did not waive its *right* to adjudicate the claim. But that conclusion does not end the analysis; nor does it automatically entitle plaintiff to the particular declaratory judgment(s) it now seeks. The question is whether the jury's findings support the requested declaratory relief.

Plaintiff seeks four declarations to the effect that: "(a) [u]nder the 2003 AIP and the 2004 DSA Allied is not contractually obligated to remove concrete below 'top of floor slab' and backfill the foundations/basements at the Fairless Works at 'no cost'; (b) [t]he backcharges which U.S. Steel now intends to assess are not authorized by the 2003 AIP and the 2004 DSA, or otherwise, and would be wrongfully assessed by U.S. Steel; (c) [t]he concrete removal below 'top of floor slab' and backfilling of the foundations/basements at the Fairless Works are within Allied's scope of work under the 2003 AIP and the 2004 DSA and, consequently, U.S. Steel must compensate Allied for this additional work; and (d) U.S. Steel must cease and desist from continuing to perform this work and/or misappropriating Allied's property in connection therewith." (SAC at 543.) Plaintiff phrases these somewhat differently in its motion for judgment

on Count I. Therein, plaintiff seeks a declaratory judgment "(1) establishing Allied's right to perform the future basement work and to be compensated for such work and (2) enjoining U.S. Steel from awarding such work to another contractor." (Motion at 21399.)

Plaintiff is of the view that the Court can simply make the requested declarations based on the verdicts as they stand. Defendant is of the view that the verdicts are insufficient. As explained below, the Court adopts defendant's view, concluding that it cannot issue the declaratory judgment Allied seeks (either as to those declarations specified in its prayer or in the recast requests in its motion).

"While actions for declaratory judgment are sui generis and the procedural remedy is neither legal nor equitable, the issues tendered by the pleadings may be legal or equitable." *Sanders v. Louisville & N.R. Co.*, 144 F.2d 485, 486 (6th Cir. 1944) (citations omitted). Here, both plaintiff and defendant characterize Count I as an "equitable" claim. (Motion at 21385, 21388; Opp'n at 21404.) Nonetheless, it is not a foregone conclusion that this Court, without the aid of jury findings, can or should issue a declaratory judgment.

In *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 504-08 (1959), the Supreme Court held that a declaratory judgment action cannot deprive a defendant of its right to a jury trial on common factual issues shared by the declaratory judgment claim and other legal claims. As defendant has pointed out, even plaintiff admits that defendant's counterclaim I is the "flip-side of Counts I and II[.]" (Motion at 21388.) Plaintiff acknowledges that "[t]he issue in dispute on both Counts [I and II] was the same: Allied's right to additional compensation for the basement work demanded to be performed by U.S. Steel[.]" (*Id.*) "U.S. Steel sought the converse ruling – that it was not obligated to compensate Allied for any work below 'top of floor slab,' that it was within its rights to hire another contractor, and that it could recover damages for what

9

it paid to the alternate contractor." (*Id.*) Both parties included jury demands in their initial pleadings. Therefore, both parties have contemplated a jury trial on all issues from the outset.

At the time this Court issued its MSJ Ruling with respect to Counts I and II and Counterclaim I, it determined that, at the very least, there was a factual dispute for a jury to decide with respect to "what constitutes 'concrete removal … to top of floor slab' for purposes of determining whether that particular work is at 'no cost' to U.S. Steel or 'for U.S. Steel's account.'" (MSJ Ruling at 8622.) The Court concluded:

> What remains to be determined by a fact-finder is the parties' intent with respect to "backfilling." In this category, parol evidence has not clarified the parties' intent with respect to "no cost" or "for U.S. Steel's account" in some situations, including, but not limited to, the following: (1) when a floor over a basement is demolished and then used for backfilling on-site; and (2) when concrete structures of any kind in a basement itself are demolished and either removed or retained as fill.
>
> Accordingly, although the Court has resolved some issues regarding Counts I and II and Counterclaim I, it cannot entirely resolve these claims on summary judgment. Therefore, defendant's motion with respect to these counts is denied.

(*Id.* at 8624, bolding omitted.) The factual disputes identified by way of example in the Court's ruling are common to both plaintiff's and defendant's claims for relief. Defendant was entitled to have a jury determine those (and other) facts and, to the extent plaintiff *could* have, arguably, sought to carve out something for the Court alone,[5] it did not do so.

---

[5] Although plaintiff has not cited Fed. R. Civ. P. 39(c), the rule provides, in part, that, where an action is not triable to a jury (*e.g.*, in the case of an equitable claim), "the court, on motion or on its own: (1) may try any issue with an advisory jury[.]" In that case, it would be for the court to accept or reject the jury's fact-findings and the court would be required to issue written findings of fact and conclusions of law under Fed. R. Civ. P. 52(a)(1). To have gone that route (if it were even permissible in this case in view of defendant's counterclaim and *Beacon Theaters, supra*), this Court would have had to give pre-trial notice to the parties. *See Thompson v. Parkes*, 963 F.2d 885, 888 (6th Cir. 1992), *reh'g and reh'g en banc denied* (an advisory jury implies advance notice to the parties).

Rule 39(c) also provides that the court: "(2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right[.]" The procedural record here is clear: plaintiff never reserved any part of the trial for resolution by the Court alone; instead, both parties asked for a jury. Therefore, any declaratory judgment issued by the Court must be supported by the jury's fact-findings, to the extent

Therefore, the Court concludes that, if plaintiff is entitled to any portion of the declaratory judgment it now seeks, except for pure contract interpretation, such judgment must be based upon the jury's fact-findings and reasonable inferences drawn therefrom. Since plaintiff seeks the judgment, the burden was on plaintiff to obtain appropriate supporting fact-findings and verdicts.

Prior to deliberations, counsel and the Court spent significant time discussing the verdict forms and interrogatories that would be given to the jury. In the end, the parties agreed to, and the Court accepted, the interrogatories ultimately given to the jury (which were principally based upon Allied's original requests), in response to which the jury answered as follows:

**Basement Claims**

1. Did Allied prove by the preponderance of the evidence that U.S. Steel breached the 2003 AIP and 2004 DSA by hiring another contractor to perform basement work that Allied should have been compensated to perform? (Check Yes or No.) [*Answer: Yes* (unanimous)]

2. Did U.S. Steel prove by the preponderance of the evidence that Allied breached the 2003 AIP and 2004 DSA by refusing to perform basement work that it should have performed at no additional cost? (Check Yes or No.) [*Answer: Yes* (unanimous)]

3. If you answered YES to Question 1: What dollar amount, if any, would compensate Allied because a company other than Allied performed such work? (Fill in the blank.) [*Answer: $694,067.00*]

4. If you answered YES to Question 2: What dollar amount, if any, would compensate U.S. Steel because U.S. Steel had to hire another company to perform such work? (Fill in the blank.) [*Answer: $0*]

(Doc. No. 293; *see also* Tr. [Doc. No. 288] at 21085.) These are the only findings available to guide the Court's determination of plaintiff's right to the declaratory relief requested. Although

---

they exist. *Id.* (where no mention is made of an advisory jury during trial preparation, whether or not the issues are equitable in nature, the jury verdict must be treated as if the right to a jury trial had existed).

plaintiff requests an opportunity to submit proposed findings of fact and conclusions of law, the Court concludes that only the jury's findings can control; the Court cannot and will not make any additional findings.

The interrogatories presented to the jury, along with the jury's answers, do not supply the fact-findings needed for the Court to enter the declaratory relief sought. Although plaintiff had the opportunity to propose, and, in fact, defendant actually did propose, more specific jury interrogatories,[6] the parties jointly settled upon the ones ultimately given to the jury. The jury concluded, in response to the first two interrogatories, that both parties breached. The Court need not address at this time whether or not those findings are inconsistent. But what the Court can conclude is that the jury's finding that Allied breached "by refusing to perform basement work that it should have performed at no additional cost[,]" results in the necessary conclusion that plaintiff is not entitled to the declaratory judgment it seeks.[7]

---

[6] For example, defendant originally proposed the following: "Did Allied have to demolish floor slabs above basements at Sheet and Tin at no additional cost to U.S. Steel?" (Doc. No. 284 at 20956.) Allied proposed: "Did Allied prove by the preponderance of the evidence that United States Steel Corporation ("U.S. Steel") breached the 2003 AIP and 2004 DSA between the parties by refusing to compensate Allied for Dismantling work below top of floor slab at the Sheet and Tin Facilities at Fairless?" (Doc. No. 261 at 17739.)

[7] Although the Court could enter a declaratory judgment, as a matter of pure contract interpretation, on the narrow issue that Allied, and only Allied, is entitled to do any and all future basement work released and authorized at Fairless Works (an interpretation that even defendant seems to accept), any such declaration would do no more than spark additional litigation because there has still been no definition of "basement work" provided by any fact-finder. Therefore, exercising the discretion permitted by 28 U.S.C. § 2201(a), the Court declines to enter any declaratory judgment with respect to contract interpretation.

### III. CONCLUSION

In light of the above conclusions, the Court finds that, although Allied did not waive its right to pursue a declaratory judgment under Count I, Allied has not met its burden of proof with respect to the requisite fact-findings and, therefore, is not entitled to the declaratory relief it seeks.

**IT IS SO ORDERED**.

Dated: September 25, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**