UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED ERECTING AND DISMANTLING CO., INC., | ) | CASE NO. 4:12-cv-1390 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES STEEL CORPORATION, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is defendant's motion for prejudgment interest (Doc. No. 297 ["Motion"]) and plaintiff's memorandum in opposition (Doc. No. 300 ["Opp'n"].) Having considered the parties' briefs, as well as oral argument on September 10, 2015, for the reasons and to the extent set forth herein, defendant's motion is granted.

## I. BACKGROUND

The factual background of this case and the parties' underlying relationship has been set forth by the Court on many occasions and need not be repeated. Relevant to this ruling is the Court's prior determination, on cross-motions for summary judgment (*see* Memorandum Opinion and Order, Doc. No. 174 ["MSJ Ruling"]), that defendant is entitled to judgment on its Counterclaim II and, therefore, is entitled to reimbursement by plaintiff of a contractual $10 million Manufacturing Advance Payment (the "MFG Advance Payment").

Under the terms of the relevant contracts governing the parties' relationships, defendant agreed to advance plaintiff $10 million in return for recovery of that amount over the entire term of the contract (i.e., eleven years) through discounted manufacturing work to be

performed by plaintiff. As it turned out, plaintiff never performed any discounted manufacturing work for defendant. Despite that fact, plaintiff took the position that it could simply keep the $10 million because the contract referred to it as "non-refundable." The Court rejected this view, determining that the amount, though non-refundable, was supposed to be contractually recoverable, and plaintiff would not be permitted the windfall of retaining the funds under the circumstances. (MSJ Ruling at 8646, quoting *Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC*, 842 F. Supp. 2d 502, 516 (S.D.N.Y. 2012) ("the word non-refundable cannot be construed as a license to provide little or no consideration and to still retain an advance payment").)

Plaintiff also argued on summary judgment that defendant had received "full consideration" for the MFG Advance Payment through a reduction in its contractual commitment to provide plaintiff with a $63 million Profit/Gross Margin. The Court rejected this argument, noting that defendant had bargained for *both* a reduction in its profit/gross margin commitment to plaintiff *and* the right to recover the $10 million by way of discounted manufacturing work. Although the former was satisfied, the latter was not. The Court concluded that defendant "has shown that Allied has repudiated this portion of the parties' agreement." (*Id.* at 8648.)

The Court ultimately held as follows: "Since there is no dispute that Allied has not performed, and cannot now perform, its end of the bargain, U.S. Steel is entitled to a reimbursement of the full MFG Advance Payment." *Id.* at 8649.[1] In so ruling, the Court did not address whether defendant was entitled to any interest. Defendant now argues that plaintiff should repay the $10 million with prejudgment interest from July 19, 2005, the date when the MFG Advance Payment was made.

---

[1] The parties' respective arguments and the Court's complete reasoning with respect to Counterclaim II can be found in the MSJ Ruling at 8640-50.

## II. DISCUSSION

Under Pennsylvania law, which applies here, "the award of prejudgment interest in a contract action is not discretionary; it is a legal right to which a prevailing party is entitled. *ECEM European Chem. Mktg. B.V. v. Purolite Co.*, 451 F. App'x 73, 79 (3d Cir. 2011) (citing *Fernandez v. Levin*, 548 A.2d 1191, 1193 (Pa. 1988)). Ordinarily, the interest is calculated using simple interest at Pennsylvania's statutory rate of 6%. 41 Pa. Cons. Stat. § 202.

Here, the Court has already declared that, due to plaintiff's repudiation, defendant did not receive the benefit of the parties' bargain with respect to recovery of the MFG Advance Payment through discounted manufacturing work. This constitutes a breach by plaintiff and entitles defendant to prejudgment interest.

The question now is when that interest starts to run. Defendant argues, based on a restitution theory, that the starting date is July 19, 2005, the date the payment was made and the benefit conferred. (Motion at 21247.) At oral argument, defendant argued that, as an alternative, the starting date should be May 1, 2012, when plaintiff clearly repudiated its obligation to perform discounted manufacturing work. (*See* Doc. No. 120-9 at 2246-47.)

In opposition, plaintiff argues that no prejudgment interest is due because defendant has been compensated in full[2] and, in any event, that defendant cannot meet its burden to prove the amount of manufacturing work it would have awarded, the amount of any discounts, and whether the work would have been performed prior to the 2004 AIP's expiration date of March 31, 2015. (Opp'n at 21342.) In the alternative, plaintiff argues that the starting date for any prejudgment interest should be August 14, 2012, when defendant officially declared that

---

[2] Plaintiff makes this argument despite the Court's ruling to the contrary on summary judgment.

plaintiff had repudiated its discounted manufacturing obligations. (*See* Doc. No. 300-1 at 21374-375.)

"Failure by the promisor to perform at the time indicated for performance in the contract establishes an immediate breach." *Franconia Assoc. v. United States*, 536 U.S. 129, 142-43, 122 S. Ct. 1993, 153 L. Ed. 2d 132 (2002) (citing Restatement (Second) of Contracts §235(2) (1979)). "But the promisor's renunciation of a 'contractual duty *before* the time fixed in the contract for … performance' is a repudiation." *Id.* at 143 (quoting 4 A. Corbin, Contracts § 959, p. 855 (1951)). "Such a repudiation ripens into a breach prior to the time for performance only if the promisee 'elects to treat it as such.'" *Id.* (quoting *Roehm v. Horst*, 178 U.S. 1, 13, 20 S. Ct. 780, 44 L. Ed. 953 (1900) (repudiation "give[s] the promisee the right of electing either to … wait till the time for [the promisor's] performance has arrived, or to act upon [the renunciation] and treat it as a final assertion by the promisor that he is no longer bound by the contract")); *see also McCormick v. Fid. & Cas. Co. of New York*, 161 A. 532, 533 (Pa. 1932) (until a repudiation by one party is unequivocally accepted by the other party, it operates only as a tender and the contract remains in full force and effect).

Here, although plaintiff repudiated its manufacturing duties by letter dated May 1, 2012 (MSJ Ruling at 8647-48, citing Doc. No. 120-9 at 2246-47), defendant was still seeking assurances of performance as of May 17, 2012 (Doc. No. 300-1 at 21371-73). Defendant did not finally elect to treat plaintiff's actions as a contractual repudiation until August 14, 2012, when by letter to Mr. John Ramun, it declared as follows:

> [Allied's] refusal to provide U.S. Steel with adequate assurance – or indeed any assurance – with respect to [Allied's] obligations, including its obligation to perform manufacturing work so as to enable U.S. Steel to recover the $10 million MFG Advance Payment by or before April 2015, constitutes a repudiation by Allied of its contractual obligation to do so. As such, U.S. Steel

4

considers that repudiation as final and demands that Allied immediately make payment to U.S. Steel in the principal amount of $10 million plus accrued interest[.]

(Doc. No. 300-1 at 21375.) Accordingly, the Court concludes that the starting point for prejudgment interest on the $10 million is August 14, 2012.

### III. CONCLUSION

For the reasons and to the extent set forth herein, defendant's motion for prejudgment interest (Doc. No. 297) is **GRANTED**. Plaintiff shall pay defendant prejudgment interest on the $10 million Manufacturing Advance Payment, at the statutory rate of 6% (*i.e.*, $1,643.84/day), beginning on August 14, 2012 and continuing until the date of the final judgment in this case.

**IT IS SO ORDERED**.

Dated: September 25, 2015

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5