# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED ERECTING AND DISMANTLING CO., INC., | ) ) ) | CASE NO. 4:12-cv-1390 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION** |
| UNITED STATES STEEL CORPORATION, | ) ) ) | **AND ORDER** |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant United States Steel Corporation ("U.S. Steel") to alter or amend the judgment dated September 25, 2015 with respect to Count II of the second amended complaint of plaintiff Allied Erecting and Dismantling Co., Inc. ("Allied"). (Doc. No. 328 ["Motion"].) Allied has filed a memorandum in opposition (Doc. No. 356 ["Opp'n"]), and U.S. Steel has filed a reply (Doc. No. 357 ["Reply"]). For the reasons set forth herein, the motion is granted.

## I.  PROCEDURAL BACKGROUND

For over thirty years, Allied, an industrial dismantling contractor, has performed dismantling work for U.S. Steel at numerous locations throughout the United States. In 1993, a dispute arose relating to the parties' long term contract for dismantling work at U.S. Steel's Fairless Works steelmaking facility in Fairless Hills, Pennsylvania ("Fairless Works"). Allied eventually filed two lawsuits in the Western District of Pennsylvania and, by 2003 and 2004,

Allied and U.S. Steel had entered into settlement agreements ending those lawsuits.[1] Unfortunately, new disputes arose under the settlement agreements, and those disputes formed the basis for the breach of contract claims in the instant lawsuit.

The second amended complaint (Doc. No. 43 ["SAC"]) set forth nine causes of action. Defendant also raised three counterclaims. (*See* Doc. No. 47.) On pre-trial motions, this Court dismissed Count VIII of the SAC, and granted summary judgment in defendant's favor on Count VI and Counterclaim II. (*See* Doc. Nos. 84 and 174.) The remaining claims were tried to a jury from May 18, 2015 through June 4, 2015. At the close of the evidence, the Court granted judgment as a matter of law in favor of defendant on Counts III and IV and as to all but a portion of Count V. (*See* Doc. No. 296.) The jury was instructed and given verdict/interrogatories to answer regarding the Basement Claims (Counts I and II; Counterclaim I), the Fox Rail Claim (the remaining portion of Count V; Counterclaim III), the "Last Look" Rights Claim (Count VII), and the Clairton Screening Project Claim (Count IX). On a post-trial motion, the Court ruled that Allied had not met its burden of proof with respect to the declaratory judgment claim in Count I and dismissed that claim. (*See* Doc. No. 312.)

## II. THE RELEVANT TRIAL OUTCOME

Both Count II of the SAC and defendant's Counterclaim I were breach of contract claims relating to concrete removal and basement backfilling at the Fairless Works. Simply put, Allied alleged that it was not contractually required to remove concrete "below top of floor slab" or to backfill the foundation/basement areas at Fairless Works at "no cost" to U.S. Steel, and that U.S. Steel had breached the relevant contracts by hiring a replacement contractor to do that work after

---

[1] The first lawsuit was settled by the 2003 Agreement in Principle ("the 2003 AIP"), which was implemented by way of the 2004 Dismantling Services Agreement ("the 2004 DSA"). The second lawsuit was settled by the 2004 Agreement in Principle ("the 2004 AIP"), which renewed an earlier 1993 Blanket Agreement.

Allied refused to do it unless compensated. Allied sought damages for the lost work. U.S. Steel asserted that the particular concrete removal and basement backfilling at Fairless Works was indeed Allied's contractual obligation.[2] U.S. Steel sought reimbursement from Allied for the costs U.S. Steel had incurred by having to hire a replacement contractor to perform the work.

With respect to the parties' various breach of contract claims, at trial the jury was instructed, in relevant part, as follows:

> A breach of contract occurs when a party to the contract fails to perform any contractual duty of immediate performance or violates an obligation, engagement, or duty, and that [b]reach is material. A breach does not have to be defined in a contract.
>
> Not every nonperformance, however, is to be considered a breach of the contract. If you find that the nonperformance was immaterial and thus the contract was substantially performed, you must also find that a breach of the contract has not occurred.
>
> The party bringing an action on a contract must prove its own performance and a breach by the other party. If an affirmative contract to perform a duty is proved, the person bound to perform the duty must prove that the terms and conditions of the contract have been met. Likewise, where the acts of one party to a contract depend on the acts of the other party, the damaged party cannot support a breach of contract action without showing performance of each dependent act on its part.
>
> When suing on a contract to recover damages, it is enough to prove a breach and it is not necessary to show that the contract was completely broken in every respect.
>
> For liability to attach, a contract breach must be material. …

---

[2] The dispute between the parties on this issue related primarily to their differing interpretations of "concrete removal below top of floor slab." Neither party disagreed that such concrete removal by Allied was to be compensated by U.S. Steel. The disagreement was over whether the particular work to be performed in the basements at Fairless Works (which, of course, was "below top of floor slab") constituted "concrete removal."

(Trial Tr. at 21100:12-21101:10 (Doc. No. 288).)[3] As to damages, the jury was instructed, in relevant part:

> Where one party to a contract breaches that contract, the other party may recover for those injuries that have been proved to you with reasonable certainty. Any compensation awarded for injury is termed damages. … Generally the measure of damages is the sum that will compensate the party for the loss sustained. If you find that a party breached the contract, you must then decide, based on the evidence presented, what amount of money will compensate the other party for those injuries that were a direct and foreseeable result of the breach and that the parties could have reasonably foreseen with certainty at the time they made the contract.

(*Id.* at 21104:13-21105:2.)

Related to the basement claims and presumably in light of these instructions, the jury unanimously answered "yes" to each of the following verdict/interrogatories:

> 1. Did Allied prove by the preponderance of the evidence that U.S. Steel breached the 2003 AIP and the 2004 DSA by hiring another contractor to perform basement work that Allied should have been compensated to perform? (Check Yes or No.)
>
> 2. Did U.S. Steel prove by the preponderance of the evidence that Allied breached the 2003 AIP and 2004 DSA by refusing to perform basement work that it should have performed at no additional cost? (Check Yes or No.)

(Verdict Forms/Jury Interrogatories (Doc. No. 293).) The jury then awarded Allied $694,067.00 and U.S. Steel $0 in damages. (*Id.*)

On September 25, 2015, this Court entered final judgment based on the jury's responses to the verdict/interrogatories. The Court stated, in relevant part:

> Pursuant to Fed. R. Civ. P. 58, with respect to the Second Amended Complaint of plaintiff Allied Erecting and Dismantling Co., Inc. ("Allied") (Doc. No. 43) and the Counterclaims of defendant United States Steel Corporation

---

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

("U.S. Steel") (Doc. No. 47), the Court hereby enters final judgment in this action as follows:

 \* \* \*

  2. **Count II:** Pursuant to the jury's verdict entered on June 4, 2015 (Doc. No.293), judgment is hereby entered in favor of Allied and against U.S. Steel in the amount of $694,067.00, plus prejudgment interest in the amount of $145,240.17 (i.e., $114.09/day from March 31, 2012 to September 25, 2015), for a total of $839,307.17.

 \* \* \*

  8. **Counterclaim I:** Pursuant to the jury's verdict entered on June 4, 2015 (Doc. No. 293), judgment is hereby entered in favor of U.S. Steel and against Allied, in the amount of $0.

 \* \* \*

(Doc. No. 314 ["Judgment Entry"].)

### III. DISCUSSION

Pursuant to Fed. R. Civ. P. 59(e), U.S. Steel asks this Court to alter or amend the award of damages to Allied with respect to Count II to correct a clear error of law.

"A court may grant a Rule 59(e) motion to alter or amend if there is (1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent a manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Further, courts may exercise their discretion to grant a Rule 59(e) motion to correct a damages award that misapplies the law. *See, e.g.*, *Margolies v. McCleary, Inc.*, 447 F.3d 1115, 1126 (8th Cir. 2006) (granting Rule 59(e) motion to amend judgment to eliminate $2.15 million in damages awarded by the jury for breach of good faith and fair dealing because it was based on the very same evidence as an identical award of damages for breach of contract); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 185 (1st Cir. 2004) (affirming decision granting Rule 59(e) motion to amend a default judgment to reduce copyright infringement statutory damages award

5

from $1.6 million to $200,000); *SFH, Inc. v. Millard Refrigerated Servs.*, 339 F.3d 738, 746 (8th Cir. 2003) (affirming decision granting Rule 59(e) motion to amend judgment to reduce jury damages award related to fire at leased premises).

U.S. Steel argues that it is black letter Pennsylvania law[4] that the party bringing an action on a contract must prove its own performance in order to recover damages for a breach. According to defendant, since the jury found that Allied had itself breached the contract (i.e., that Allied had not performed its own obligations under the contract), the jury should not have awarded any damages to Allied for U.S. Steel's breach, just as the jury awarded no damages to U.S. Steel despite Allied's breach. U.S. Steel seeks an order from this Court amending the judgment to award Allied no damages and no prejudgment interest with respect to Count II of the SAC.

Allied argues in opposition that defendant waived its right to challenge the jury's verdict because it failed to raise the challenge of inconsistent verdicts before the jury was discharged. *See* Fed. R. Civ. P. 49(b). Plaintiff further argues that the jury's verdict can and must be reconciled in its favor. It asserts that the jury must have found that U.S. Steel's breach was material (because it awarded damages to Allied), but that Allied's breach was immaterial (because it awarded no damages to U.S. Steel). Finally, Allied argues that U.S. Steel has not asked for a new trial, which, according to Allied, "might have been a proper remedy." (Opp'n at 22375, n.6.)

U.S. Steel replies that its Rule 59(e) motion is timely and procedurally proper, and that it has not waived its right to challenge the damages verdict as a matter of law. It emphasizes that it

---

[4] From the outset of this lawsuit, there has never been any dispute that Pennsylvania law governs all relevant contracts.

is not raising inconsistency of verdicts, but rather legal error under Pennsylvania contract law. It further claims that plaintiff's waiver argument was rejected in *The Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 727 (6th Cir. 2012) ("Rule 49 waiver does not preclude [defendant] from challenging the legality of the punitive damages award on other grounds."). U.S. Steel urges this Court to reject Allied's attempt to reconcile the jury's findings with its damages awards and, instead, to "apply [the law] equally to both Allied and U.S. Steel." (Reply at 22385 ("The jury found that U.S. Steel materially breached the 2003 AIP, and U.S. Steel was therefore entitled to no damages; the same should hold true for Allied.").)

The Court concludes that it can decide this motion solely on the basis of Pennsylvania contract law. "The rule in Pennsylvania and elsewhere is that when parties to a contract each commit a material breach, the law will give relief to neither party." *Cottman Transmission Sys., Inc. v. Dubinsky*, 550 F. Supp. 133, 136 (W.D. Pa. 1982); *see also Evergreen Cmty. Power LLC v. Riggs Distler & Co., Inc.*, 513 F. App'x 236, 240 (3d Cir. 2013) ("When a party seeks to enforce a contract, or to recover damages for breach of contract, 'that party must prove that he has performed all of his own obligations under the contract.'" (citation omitted)); *U.S. ex rel Greenmoor, Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 06-cv-0234, 2009 WL 4730233, at *49 (W.D. Pa. Dec. 4, 2009) ("To establish a breach of contract under Pennsylvania law, … the party alleging breach must 'prove that he has performed all of his own obligations under the contract.'") (citation omitted)).

The jury found in Verdict/Interrogatory No. 2 that "Allied breached [the contracts] by refusing to perform basement work that it should have performed at no additional cost [to U.S. Steel]." The jury also found, in Verdict/Interrogatory No. 1 that "U.S. Steel breached [the contracts] by hiring another contractor to perform basement work that Allied should have been

7

compensated to perform[.]" Yet, despite those findings of mutual breach, in Verdicts/Interrogatory Nos. 3 and 4 the jury awarded $694,067.00 in damages to Allied and $0 in damages to U.S. Steel. This was error under Pennsylvania law.[5]

The Court rejects Allied's assertion that the jury must have concluded that Allied's breach was immaterial. The Court specifically instructed the jury that if nonperformance was immaterial then there was no breach. The Court "must assume that the jury followed [its] instructions." *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 604, 105 S. Ct. 2847, 86 L. Ed. 2d 467 (1985). Here, the jury found that Allied breached, which necessarily means that it found Allied's nonperformance to be material. Therefore, Allied is not entitled to recover damages for U.S. Steel's mutual breach.

### III. CONCLUSION

For the reasons set forth, U.S. Steel's motion (Doc. No. 328) to alter/amend the judgment is **GRANTED**. The Court sets aside the jury's finding of damages in the amount of $694,067.00 and vacates this Court's resulting judgment on Count II of the second amend complaint (*see* Doc. No. 314). In addition, the Court will enter an amended final judgment entry that will reflect this change, as well as its effect upon U.S. Steel's net judgment.

**IT IS SO ORDERED**.

Dated: March 17, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] Neither party sought a jury instruction regarding how to handle a mutual breach and no such instruction was given. However, the jury was properly instructed regarding what constituted a breach (i.e., a material nonperformance) and when damages should be awarded. Although it might have been helpful to the jury to have had a specific instruction relating to mutual breach, the instructions that were given provided adequate guidance and, even under those instructions, awarding damages to Allied was unwarranted.